**CONSEJO DE SALUD PLAYA PONCE, et. al., Plaintiffs**

**v.**

**Secretary of Health Rosa PEREZ PERDOMO, Defendant.**

**Civil No. 06–1260 (GAG).**

United States District Court, D. Puerto Rico.

June 4, 2008.

Agustin Diaz–Garcia, Ponce, PR, Ignacio Fernandez–De–Lahongr, Fernandez & Alcaraz, PSC, Patricia Lorenzi, Delgado & Fernandez, San Juan, PR, James L. Feldesman, Robert A. Graham, Feldesman, Tucker, Leifer, Fidell LLP, Washington, DC, for Plaintiffs.

Arlene R. Perez–Borrero, Eduardo A. Vera–Ramirez, Luis A. Rodriguez–Munoz, Landron & Vera LLP, Guaynabo, PR, Patricia Lorenzi, Delgado & Fernandez, Luis F. Zayas–Marxuach, Almeida & Davila, P.S.C., San Juan, PR, for Defendant.

### OPINION AND ORDER

GUSTAVO A. GELPI, District Judge.

On May 5–6, 2008 the Court held an evidentiary hearing in regards to defendant's motion for summary judgment (Docket No. 39). The purpose of the hearing was to determine whether the Secretary of Health is in compliance with the Medicaid "wraparound" payment statute, 42 U.S.C. § 1396 a(bb)(5). More specifically, the Court focused on the issue of whether the Commonwealth has adequately established a "wraparound" formula for each of the plaintiffs in this particular case.

Having considered the evidence presented at the hearing, as well as the parties' simultaneous post-hearing memoranda (Docket Nos. 92 & 93), the Court concludes that the Commonwealth has not complied with Section 1396 a(bb)(5). Accordingly, the Court denies defendant's summary judgment motion.

This case is a sequel to an earlier litigation, but with different protagonists, save for defendant Secretary of Health. In *Rio Grande Community Health Center, Inc. v. Rullán,* 397 F.3d 56 (1st Cir.2005), the First Circuit upheld this court's preliminary injunction ordering the former Secretary of Health to issue "wraparound" payments to plaintiffs as required by Section 1396 a(bb)(5). Subsequently, the current Secretary of Health, Dr. Pérez Perdomo, took painstaking affirmative steps in order for the Commonwealth Health Department to comply with federal law. *See Concilio de Salud Integral de Loiza v. Rosa Pérez Perdomo,* 479 F.Supp.2d 247 (D.P.R.2007). Consequently, the Court vacated its preliminary injunction with the caveat that the Secretary continue applying to plaintiff the original "wraparound" formula established by the Court. *Id.* at 251.

In the present consolidated cases, the Court is asked to revisit the issue of how the Secretary must calculate the plaintiffs' "wraparound" payment formulae. In *Rio Grande,* 397 F.3d at 61 the

First Circuit explained precisely how this is done:

"the per visit average cost of 1999 and 2000 is first multiplied by a Medicare Economic Index and then multiplied by the number of **visits** in the succeeding years". (Emphasis added).

The Court further noted that "a state may only deviate from the very specific payment methodology of the prospective payment system if the federally qualified health center gives its consent and there is no reduction in total payments made". *Id.* at 62. "Wraparound" payments must follow such methodology. *Id.*

The court shall proceed to address the defendant's post-hearing arguments *seriatim.*

■ First, defendant argues that for purposes of establishing the number of "visits" it is proper to consider the total number of encounters within a same day. Plaintiffs, on the other hand, contend that defendant is violating the Medicaid statute because it uses the total number of encounters identified in the Uniform Data System (UDS), rather than total visits to calculate the base rate. Because there may be several encounters in one same visit in one day, use of such data significantly prejudices plaintiffs.

The Medicaid statute does not define "visit" *vis a vis* "encounter". Defendant points out that federal regulations, however, provide that a visit is a "face to face encounter between a clinic or center patient and a physician, physician assistant, nurse practitioner, ..." 42 C.F.R. 405.2463. This definition does not squarely solve the issue, as a Medicaid patient could under this rationale conceivably have multiple encounters in one day with various health professionals. The C.F.R. does not contemplate this dilemma. Defendant's Medicaid director, Dr. Wendy Matos so recognized at the hearing. She testified that a patient could have "five, six or seven" encounters in one [single] day. *See* Tr. 5/5/08 at p. 127 line 20. She further noted that for "wraparound" payments, a patient's visit would be considered one per day per patient notwithstanding the amount of encounters that had occurred [that same day]. *See Id.* at p. 128 line 29. Wherefore, absent a congressional indication to the contrary, this Court is hesitant to impractically expand the definition of visits to encounters for purposes of calculating the 1999–2000 base rate.

■ Next, defendant argues that it may consider plaintiffs' capitation, which includes any payments to third parties. This argument was squarely rejected repeatedly by the Court in the *Rio Grande* litigation. *See, e.g.,* Civil No. 03–1640(GAG) at order-Docket No. 224 p. 1 ¶ 1. As the Court noted there, nothing in the Medicaid statute, nor its legislative history, directs the Commonwealth to deduct capitation.

■ Finally, defendant argues that the First Circuit's ruling in *Rio Grande* is not binding, given that it was issued in the context of an interlocutory appeal of a preliminary injunction. The Court disagrees. The First Circuit's legal pronouncements are based on its interpretation of a federal statute. Such interpretation of Section 1396 a(bb)(5) does not change regardless of how a case finds itself before an appellate court.

In light of the above, the Court must deny defendant's motion for summary judgment (Docket No. 39).

**SO ORDERED.**